UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

JOHN WALTER LEVY,

        Debtor        /

Case No. 8:08-bk-17578

Chapter 13

## CHAPTER 13 PLAN

Debtor, JOHN W. LEVY, files this Chapter 13 Plan for repayment of his debts, and proposes as follows:

### CLASSIFICATION AND PROVISION FOR CLAIMS

1. The creditors in Class 1 are:

(a). TRUSTEE'S FEE: The Trustee's fee shown below is a priority claim and shall be paid within the life of this Chapter 13 Plan.

(b). DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE: Unknown/ Priority

The basis of this obligation is unpaid federal income taxes for any prepetition tax period in an unknown amount.

(c). LAW OFFICE OF RONALD R. BIDWELL, P.A.: $1,500.00 Priority

The basis of this obligation is unpaid attorney fees for representation in this Chapter 13 case.

The allowed priority claims shall be paid in full from funds submitted to the supervision and control of the Chapter 13 Trustee during the life of this Plan. In the event a split claim is allowed in favor of a priority creditor, the secured and unsecured portions of the allowed claim(s) shall be paid in accordance with the applicable provisions

hereinbelow.

Attorney fees shall be paid at the rate of $50.00 per month until paid.

2. The creditors in Class 2 are:

(a). WASHINGTON MUTUAL: $476,143.92 Secured/$12,189.60 arrears

The basis of this obligation is a Promissory Note secured by a first mortgage against Debtors homestead located at 10114 Woodsong Way, Tampa, Hillsborough County, Florida in the approximate principal amount of $476,143.92. Payments on this obligation are delinquent in the approximate amount of $12,189.60.

The allowed prepetition arrears claim in favor of this creditor shall be paid in full through funds submitted to the supervision and control of the Chapter 13 Trustee. Payment of these delinquent amounts and the regular monthly payments shall cure any default and shall reinstate this obligation.

This creditor shall retain its lien and all post-petition payments shall be paid direct to the Chapter 13 Trustee herein pursuant to 11 U.S.C., Section 1326(a)(1) for distribution in accordance with the Order Establishing (1) Duties of Trustee and Debtor, (2) Plan Confirmation Procedures, (3) Requirements for Debtor's Compliance, (4) Procedures for Allowance of Administrative Expenses, and (5) Procedures for Adequate Protection Payments to Secured Creditor to be entered herein.

3. The creditors in Class 3 are:

SUNCOAST SCHOOLS FEDERAL CREDIT UNION: $1,217.12 Secured

The basis of this obligation is an automobile financing agreement secured by a first lien on the Certificate of Title to Debtor's 2002 Lincoln LS in the approximate amount of $1,217.12. Payments on this obligation are current.

This creditor shall retain its lien and all post-petition payments will be tendered direct in accordance with the original agreement of the parties.

4. The creditors in Class 4 are:

All remaining creditors are general unsecured creditors who are in Class 4. The total amount of claims in this class is $11,724.87. The Debtor will pay to these creditors $5,800.00 to be divided pro rata in full settlement of their debts.

## SUBMISSION OF FUTURE EARNINGS AND INCOME

The Debtor will submit his future earnings or income to the Trustee as follows. The Debtor will pay to the Trustee the sum of $2,909.00 per month for sixty (60) months after confirmation of this Plan or until the claims provided for by the Plan are paid, if less than sixty (60) months.

| | |
|---|---|
| Department of Treasury, IRS | Unknown Priority |
| Law Office of Ronald R Bidwell PA | $   1,500.00 Priority |
| Washington Mutual | $ 12,189.60 Secured arrears |
| Washington Mutual | $146,275.20[1] |
| General Unsecured Creditors | $   5,800.00 |
| Sub-total | $165,764.80 |
| Trustee's fees | $   8,724.46 |
| Total | $174,489.26 |

$174,489.26 divided by 60 months = $2,909.00 per month

The Trustee shall apply payments first to the allowed secured claims, next to the allowed next to the priority claims, and shall then pro rate payments among general unsecured creditors, first paying all unsecured creditors whose claims are $200.00 or less.

_____
JOHN W. LEVY

---

[1] Sixty post-petition adequate protection payments at $2,437.92 each

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Chapter 13 Plan has been furnished by U.S. Mail to Jon Waage, Chapter 13 Trustee, P O Box 25001, Bradenton, FL 34206-5001 this 20 day of November, 2008.

LAW OFFICE OF RONALD R. BIDWELL P.A.
Ronald R. Bidwell, Esquire
1205 W. Fletcher Avenue, Suite B
Tampa, FL 33612
(813)908-7700 Facsimile (813)962-6156
Florida Bar #298867
ATTORNEY FOR DEBTOR.